IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER BRAZELTON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:23-cv-00534** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Respondent.** | ) | |

**<u>MEMORANDUM</u>**

Pending before the Court is Petitioner's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. Nos. 1, 3), and the Respondent's opposition (Doc. No. 19). For the reasons stated below, Petitioner's motion (Doc. Nos. 1, 3) will be **DENIED**.

## I. BACKGROUND

Petitioner and his co-defendant jointly agreed to rob someone they knew at gunpoint of marijuana and cash and in fact did so on December 14, 2016. (*See* Plea Agreement, Doc. No. 115 at 5 in Case No. 3:19-cr-00105). In the course of that robbery, Petitioner shot and killed the victim as he tried to drive away from the scene. (*See id*.). Shortly thereafter, Petitioner and his co-defendant decided to leave the area, and drove to Indiana. (*See id*.). GPS and cell tower coordinates for Petitioner's phone confirmed that his phone traveled to Indiana in the hours after the robbery / shooting. (*See id*. at 5-6). In an effort to mislead investigators and cover up their commission of the crime, Petitioner and his co-defendant both lied to police about their knowledge and involvement in the robbery / shooting and similarly directed a third party to lie to the police about what occurred. (*See id*. at 6-7).

In May 2019, a federal grand jury returned a Superseding Indictment charging Petitioner as follows: Count One - conspiracy to commit robbery affecting commerce, in violation of 18 U.S.C. § 1951; Count Two - robbery affecting commerce in violation of 18 U.S.C. §§ 1951 and 2; Count Three - using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, resulting in death through the use of a firearm, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j) and 2; Count Four - conspiracy commit witness tampering, in violation of 18 U.S.C. §§ 1512(b)(3) and 1512(k); and Count Five - possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Superseding Indictment, Doc. No. 30 in Case No. 3:19-cr-00105).

David Komisar represented Petitioner by appointment from July 18, 2019, through his sentencing in May 2022. (Komisar Affidavit, Doc. No. 19-1 ¶¶1-5). Mr. Komisar did not ask Petitioner what he did or did not do until after he had reviewed the discovery. (*See id*. ¶ 2). He reviewed the discovery with the Petitioner and provided Petitioner with a second set of discovery when he moved to another jail. (*Id*. ¶ 3). Mr. Komisar discussed two different theories with Petitioner. (*See id*. ¶ 2). The first theory was that Petitioner was not at the scene of the crime. (*See id*.). This theory was modified once the defense phone expert placed Petitioner's phone at the scene of the crime. (*See id*.). The modified theory was that Petitioner was at his sister's residence which was within a few miles of the scene of the crime. (*See id*.). Mr. Komisar abandoned this theory after consultation with the phone expert who placed the phone within several feet of the crime. (*See id*.). Had the case proceeded to trial, the defense theory for Petitioner would have been that the individual who provided Petitioner with the gun was at the scene of the crime and the shooter. (*See id*.). Mr. Komisar never considered a suppression on the phone search. (*See id*. ¶ 4). He and Petitioner discussed the unfavorable evidence found in the phone and their phone expert's review

of that evidence. (*See id.*). Mr. Komisar has no recollection of Petitioner repeatedly asking for a suppression hearing regarding the phone and maintains that there was no basis for a suppression hearing. (*See id.*).

On November 8, 2021, Petitioner pleaded guilty pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) with Respondent as to Counts One, Two, and Three. (Plea Agreement, Doc. No. 115 in Case No. 3:19-cr-00105). The plea agreement called for a total sentence of 360 months or 30 years. (*See id.*). As part of the plea agreement, Respondent agreed to dismiss Counts Four and Five of the Superseding Indictment after the agreed upon sentence was imposed. (*See id.*). During Petitioner's plea colloquy, the Court questioned him about his knowledge of the terms of the plea agreement and his satisfaction with Mr. Komisar:

> The Court: Have you told your lawyer everything you know about these charges?
>
> Petitioner: Yes, Your Honor.
>
> The Court: Do you believe that he's fully aware of the facts upon which they're based?
>
> Petitioner: Yes, Your Honor.
>
> The Court: Has he discussed with you the elements of the offenses and what the government would have to prove at trial beyond a reasonable doubt to a jury in order for you to be found guilty?
>
> Petitioner: Yes.
>
> The Court: Has he discussed with you any possible defenses you have to the charges?
>
> Petitioner: Yes.
>
> The Court: Are you satisfied with your lawyer?
>
> Petitioner: Yes.

The Court: Do you have any complaints about him today?

Petitioner: No.

(Plea Hearing Transcript, Doc. No. 139 at PageID # 362 in Case No. 3:19-cr-00105). The Court proceeded to review the material portions of the plea agreement, including the agreed upon sentence and the appellate waiver provision contained therein. (*See id*. at PageID # 365-67).

On May 24, 2022, consistent with the plea agreement, the Court sentenced Petitioner to a total of 360 months' custody, followed by 5 years of supervised release. (*See* Judgment, Doc. No. 136 in Case No. 3:19-cr-00105). With a reduction for acceptance of responsibility, Petitioner's advisory sentencing range was 360 months to life imprisonment. Accordingly, the sentence imposed amounted to a low-end guideline sentence. At the conclusion of the sentencing hearing, the Court advised Petitioner of his appellate rights:

> You have the right to appeal your sentence, Mr. Brazelton. With a few exceptions – I'm sorry. Your plea agreement may have included a waiver of appeal rights. If you want to challenge the enforceability of that waiver, you can ask the court of appeals to consider that argument. With few exceptions, a notice of appeal must be filed within 14 days of judgment being entered, which will likely be today or tomorrow. If you're unable to pay the cost of an appeal, you can apply for leave to appeal as a pauper. If you direct your attorney to file a notice of appeal in clear terms, he'll do that. If you ask the clerk of the court to prepare and file a notice of appeal, on your behalf, she will do so. We'll provide you with a notice of appeal form, but you should use it only with the advice of your counsel.

(Sentencing Hearing Transcript, Doc. No. 140 at PageID # 392 in Case No. 3:19-cr-00105). Petitioner did not instruct Mr. Komisar to file an appeal. (Komisar Affidavit, Doc. No. 19-1 ¶ 5).

## II. LEGAL STANDARD

Petitioner brings this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of

> Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). To obtain relief under Section 2255, a petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)); *see also Wright v. Jones*, 182 F.3d 458, 463 (6th Cir. 1999).

To prevail on an ineffective assistance of counsel claim, the burden is on the petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice resulted from the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011); *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004). A court deciding an ineffective assistance claim does not need to address both requirements if the petitioner makes an insufficient showing on one. *Id*. at 697.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland*, 466 U.S. at 669; *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. at 669.

If a factual dispute arises in a Section 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Monea v. United States*, 914 F.3d 414, 422 (6th Cir. 2019) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because the record conclusively shows that Petitioner is not entitled to relief.

## III. ANALYSIS

Through his pending motion (Doc. Nos. 1, 3) Petitioner claims that his attorney provided constitutionally deficient representation as follows:

(1) The line of communication between counsel, Petitioner, and Petitioner's sister (who has his power of attorney) was unreasonably poor;

(2) Counsel failed to find or share an important source document that could prove as material evidence if the case went to trial that both Petitioner and counsel's private investigator asked for/inquired about;

(3) Counsel never attempted a defense strategy after Petitioner's initial "not guilty" plea;

(4) Counsel did not file for a suppression hearing that Petitioner requested several times; and

(5) Counsel never explained the time constraints of the appeal process or the necessary steps to appeal at all.

These allegations do not show constitutionally deficient representation by counsel. First, as Respondent points out in its opposition, Petitioner's filings do not contain information about

what evidence Petitioner requested a suppression hearing on or why the source document could have been material evidence if the case went to trial. Second, the record and counsel's affidavit indicate that counsel reviewed discovery with Peititoner, discussed the facts of the case, and discussed possible defense strategies with him in advance of Petitioner's decision to plead guilty. (Komisar Affidavit, Doc. No. 19-1; Plea Hearing Transcript, Doc. No. 139 at PageID # 362 in Case No. 3:19-cr-00105). Finally, the record reveals that the Court advised Petitioner of his right to appeal at the conclusion of his sentencing hearing and that Petitioner did not instruct his counsel to file an appeal. (Sentencing Hearing Transcript, Doc. No. 140 at PageID # 392 in Case No. 3:19-cr-00105; Komisar Affidavit, Doc. No. 19-1 ¶ 5). Accordingly, on this record, Petitioner fails to establish that his attorney rendered constitutionally deficient assistance of counsel.

Petitioner also fails to meet the prejudice component of the *Strickland* inquiry because he makes no assertions that, but for his counsel's claimed errors, he would not have pleaded guilty and would have insisted on going to trial. *See Kimbrough v. United States*, 71 F.4th 468, 473 (6th Cir. 2023) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).

## IV. CONCLUSION

For the foregoing reasons, Petitioner has not shown deficient performance by counsel or any prejudice based on counsel's claimed errors. Accordingly, Petitioner's Motion (Doc. Nos. 1, 3) will be **DENIED**, and this action will be **DISMISSED**.

An appropriate order will enter.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE